NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2013*
Decided April 10, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3467

| | |
|---|---|
| STEVEN AVERY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 11-CV-1093 |
| KENNETH KRATZ, *et al.,* *Defendants-Appellees.* | Aaron E. Goodstein, *Magistrate Judge.* |

**O R D E R**

Steven Avery, an inmate serving a life term at the Wisconsin Secure Program Facility in Boscobel, appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging Fourth Amendment claims arising out of a search of his home conducted pursuant to what he contends was an invalid warrant, and the seizure of a bookcase and several other items from his bedroom during that search. Avery names as defendants a Wisconsin circuit court

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

judge, a prosecutor, a clerk, several police officers, and Calumet County, Wisconsin. A magistrate judge, proceeding with the parties' consent, *see* 28 U.S.C. § 636(c)(1), concluded that the circuit court judge was protected by absolute immunity, and dismissed Avery's suit against the remaining defendants for failure to state a claim. We affirm.

We take as true all well-pleaded factual allegations in Avery's complaint and make all plausible inferences from those allegations in his favor. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). In 2005 the Calumet County Sheriff's Department, while investigating the disappearance of a young woman, searched Avery's home and discovered, among other things, the key to the woman's car on the floor of his bedroom. Avery was charged with  first-degree homicide. During a preliminary hearing, his attorney tried to suggest that the key had been planted, and questioned an officer about how the key was found. The officer opined that it might have fallen from a bookcase in the room. To confirm where on the bookcase the key had fallen from, an investigator with the department, John Dedering, applied for a warrant to search Avery's home and seize the bookcase. In support of that application he submitted an affidavit, which describes Avery's connection to the victim's disappearance and the discovery of the key. Thomas Gritton, a circuit court judge of neighboring Winnebago County, approved the warrant. Officers then searched Avery's bedroom and seized the bookcase and several other items. Avery was eventually convicted of first-degree homicide. *See State v. Avery*, 804 N.W.2d 216, 220–21 (Wis. Ct. App. 2011).

Avery filed suit in the Eastern District of Wisconsin alleging that the warrant was invalid because (1) Judge Gritton did not have jurisdiction to issue a warrant authorizing a search in another county, (2) Judge Gritton granted the warrant without reading Dedering's affidavit, and (3) the warrant was issued without a seal of the court. The magistrate judge concluded that, even assuming the truth of Avery's allegations, Judge Gritton did not act "in the clear absence of all jurisdiction" and was therefore protected by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation omitted). The magistrate judge also concluded that Avery had not plausibly alleged that Judge Gritton failed to read Dedering's affidavit because the warrant—which Avery attached and therefore incorporated into his complaint, *see* FED. R. CIV. P. 10(c); *Geinosky v. Chicago*, 675 F.3d 743, 745–46 n.1 (7th Cir. 2012)—drew on the affidavit for its description of Avery's property and the items to be seized. Finally, the magistrate judge stated, Wisconsin law does not require warrants to be issued with a seal of the court.

On appeal Avery first disputes that Judge Gritton, a Winnebago County circuit court judge, was entitled to absolute immunity because he lacked jurisdiction to issue a warrant for a search in Manitowoc County. But judges are absolutely immune unless they act "in the clear absence of all jurisdiction," *Stump*, 435 U.S. at 356–57 (internal quotation omitted); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000), and circuit court

judges in Wisconsin "have original jurisdiction in all matters civil and criminal" within the state, *see* WIS. CONST. Art. VII, § 8. Wisconsin law specifies that "[a] search warrant may authorize a search to be conducted anywhere in the state and may be executed pursuant to its terms anywhere in the state." WIS. STAT. § 968.12(4). As the magistrate judge concluded, Judge Gritton is entitled to absolute immunity.

With regard to the remaining defendants, Avery generally asserts that the magistrate judge erred in dismissing his claims against them because the warrant to search his home was invalid. He says first that the warrant was defective because Judge Gritton never read Dedering's affidavit, but this bald and speculative allegation does not give rise to a plausible claim for relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 620–21 (7th Cir. 2012), especially where the warrant signed by the judge draws on the contents of the affidavit. Avery also argues that the warrant was invalid because it was not issued with a seal of the court, as he argues is required by Wisconsin law. But Avery may not base his § 1983 suit on a violation of state law alone. *See Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). And at all events, Wisconsin does not require warrants to be issued with a seal of the court, *see* WIS. STAT. § 968.12(1), nor would the absence of a seal even necessarily invalidate the warrant, *see State v. Sveum*, 787 N.W.2d 317, 336 (Wis. 2010).

Avery does present other contentions concerning the remaining defendants in his reply brief, but has forfeited those arguments by failing to present them in his opening brief. *See Carroll v. Lynch*, 698 F.3d 561, 568 (7th Cir. 2012); *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007).

AFFIRMED